08-2221-cv
Falso v. SPG Direct

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/ ). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-fourth day of November, two thousand and nine.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANTHONY FALSO,

     *Plaintiff-Appellant,*

     -v.-                                  No. 08-2221-cv

SPG DIRECT and DIRECTOR OF H.R. AT SPG DIRECT,

     *Defendants-Appellees.*[*]

---

    [*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**                    Anthony Falso, Rochester, NY, *pro se*.

**FOR DEFENDANTS-APPELLEES:**                   Lawrence J. Andolina, Trevett, Cristo, Salzer & Andolina P.C., Rochester, NY.

Appeal from an April 30, 2008 order of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Anthony Falso, *pro se*, appeals from an order of the District Court granting summary judgment in favor of defendants-appellees SPG Direct and Director of Human Resources at SPG Direct (jointly, "defendants"), in Falso's action alleging violations of the American with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* ("ADA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

On appeal, Falso argues that the District Court erred in granting summary judgment in favor of defendants on both of his claims. Specifically, he argues that the District Court erred in dismissing (1) his Title VII claim, based on the fact that Falso's complaint alleged discrimination based on disability only, and (2) his ADA claim, based on Falso's failure to allege a *prima facie* case of discrimination.

We review *de novo* the District Court's decision to grant summary judgment and, in the course of that review, we resolve ambiguities and draw all permissible factual inferences in favor of the non-moving party. *See, e.g.*, *Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir. 2008); *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999). No genuinely triable issue of fact exists when the moving party demonstrates, by pleadings and submitted evidence, that no rational jury could find in the non-movant's favor. *See Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

Falso first argues that the District Court erred in dismissing his Title VII claim and in concluding that Falso's "administrative charge makes no reference whatsoever to discrimination on the basis of race, color, religion, sex or national origin." *Falso v. SPG Direct*, No. 05-cv-6548, 2008 WL 1946542, at *2 (W.D.N.Y. May 1, 2008). We agree with the District Court that Falso failed to state a specific claim under Title VII, and that even if he had asserted a specific claim, Falso "failed to exhaust his administrative remedies with respect to [that] claim." *Id.* Accordingly, we hold that the District Court properly dismissed Falso's Title VII claim.

Falso also argues that the District Court erred in concluding that he failed to assert a *prima facie* case of discrimination to support his ADA claim. In order to establish a claim for discrimination under the ADA, a plaintiff must prove that (1) his employer is subject to the ADA; (2) he was disabled within

the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) he suffered an adverse employment action because of his disability. *See Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 198 (2d Cir. 2004). If a plaintiff establishes a *prima facie* case, the employer must then provide evidence of a legitimate, non-discriminatory reason for the adverse employment action, and the plaintiff must show that the employer's proffered reason is a pretext for discrimination. *See Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006).

The District Court concluded that Falso failed to provide sufficient evidence that he was "disabled" within the meaning of the ADA. Even assuming that Falso's alleged learning disability renders him "disabled" within the meaning of the statute, Falso failed to provide any evidence that he was otherwise qualified to perform the essential functions of his job with or without reasonable accommodation, or that he suffered an adverse employment action *because of* his disability. We therefore agree with the District Court that Falso failed to establish a *prima facie* case of disability discrimination.

In any event, defendants provided a legitimate, non-discriminatory reason for not retaining Falso beyond his one-week assignment—his insufficient performance and work product—and Falso failed to provide any evidence that this reason was a pretext of discrimination. Accordingly, we cannot conclude that the District Court erred in dismissing plaintiff's ADA claim.

## CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

3